HUGH N. CAMP, AS TEMPORARY ADMINISTRATOR, ETC., OF GEORGE F. KELLER, DECEASED, RESPONDENT, *v.* WILLIAM H. BUXTON, APPELLANT.

*General assignment — defects in the certificates of acknowledgment — they may be subsequently corrected.*

January 17, 1884, one Keller made a general assignment for the benefit of creditors. It was properly acknowledged by him before a notary public on that day, and by the assignee on the next day. Each of the certificates of acknowledgment made by the notary were defective. Keller died on February 22, 1884. On March seventh certificates in proper form were made by the notary and the assignment was recorded. On June twenty-sixth the plaintiff was appointed temporary administrator of Keller, and thereafter brought this action to set aside the assignment and restrain the assignee from acting.

*Held,* that the action could not be maintained, as even if it were conceded that the assignment had no validity until a proper certificate of acknowledgment had been made, yet as soon as such corrections had been made therein as were necessary to render it conformable to the statute, the assignment became valid and conferred upon the assignee all the powers which such an instrument grants.

*Smith* v. *Boyd* (Daily Reg., Feb. 7, 1884), distinguished and criticised.

APPEAL from an order made at a Special Term, granting an injunction and appointing a receiver.

*John E. Parsons,* for the appellant.

*A. H. Ammidon,* for the respondent.

BRADY, J.:

The plaintiff sought to set aside an assignment made for the benefit of creditors, by George F. Keller, dated January 17, 1884. It seems to have been acknowledged by Keller on the day of its date, and on the day following by the assignee. The acknowledgment of the seventeenth was irregular in form, because it stated that George F. Keller was known to the notary public to be one of the individuals described in and who executed the assignment, and then stated, "who severally acknowledged to him that they executed the same for the purposes therein expressed," and the acknowledgment of the eighteenth was incomplete because it did not contain a statement that the assignee acknowledged he executed the instrument.

Mr. Keller died on the 22d of February, 1884. On the seventh of March following, certificates in due form as to the assignor and assignee were made by the notary public, and the assignment left to be recorded. On the twenty-sixth of June following the plaintiff was appointed the temporary administrator of Keller, and in July following moved for a receiver and an injunction to restrain the assignee from proceeding under the assignment and asked that a receiver of the assigned property should be appointed.

The respondent bases his right to the order made, and from which an appeal has been taken, upon the proposition that the assignment was not duly acknowledged, and not having been duly acknowledged could not be recorded, and being neither acknowledged nor recorded it was absolutely void. It must be admitted that it has been so held by the Court of Common Pleas of this city at a General Term, in the case of *Smith* v. *Boyd,* and reported in the *Daily Register* of February 7, 1884. It is conceded, however, in that case, that if no rights intervened the assignee might obtain a proper certificate and have the assignment recorded, his title vesting from the time of such record. The question presented in this case, therefore, is not whether the assignment is void by reason of the imperfect character of the original acknowledgments, but whether they have not been cured in the respects in which they

were defective, and whether having been cured, and the assignment recorded, that instrument is not valid.

The *fact* is that the acknowledgments were properly made in the first instance, as appears from the record, but such fact did not appear by the acknowledgments themselves, in consequence of the clerical error committed by the notary public or the person who prepared the form of the acknowledgment. It is not pretended that the acknowledgment was not made as required by the statute, but that the evidence of it was defective. The assignment, it will have been observed, after the form of the acknowledgment was made to correspond with the fact, was recorded in March. The plaintiff acquired whatever rights he may possess in reference to the personal estate of Keller in June, and consequently no right that he possesses intervened prior to the proper record of the assignment. According to the case of *Smith* v. *Boyd*, to which reference has been made, this would be regular. The decision in that case is adopted only so far as it suggests the feasibility of making corrections in the acknowledgment and then recording the assignment to which the acknowledgment relates.

It is not deemed necessary in the consideration of the appeal to examine any other question, because, conceding that the assignment had no validity until the proper acknowledgment was made, it is intended to be asserted as a rule of law that such corrections having been made in the acknowledgment of the assignment as were necessary to make it conform to the statute in reference to such papers, it became valid, and from the time of its record conferred upon the assignee all the power which such an instrument grants.

For these reasons it is thought that the order appealed from should be reversed and the motion denied, but without costs to either party.

Davis, P. J., and Daniels, J., concurred.

Order reversed and motion denied without costs to either party.